1 | William O'Brien (CA Bar No. 99526)
wobrien@onellp.com
2 | Joanna Ardalan (CA Bar No. 285384)
jardalan@onellp.com
3 | *pro hac vice pending*[1]
ONE LLP
4 | 9301 Wilshire Blvd
Penthouse Suite
5 | Beverly Hills, CA 90210
Telephone: (310) 437-8665
6 | Facsimile: (310) 943-2085

7 | David R. Koch (NV Bar No. 8830)
dkoch@kochscow.com
8 | KOCH & SCOW LLC
11500 S. Eastern Ave., Suite 210
9 | Henderson, Nevada 89052
Telephone: (702) 318-5040
10 | Facsimile: (702) 318-5039

11 | Attorneys for Plaintiff,
SETH MANHEIMER

12 |

13 | **UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

14 |

15 | SETH MANHEIMER, an individually, and

16 | derivatively on behalf of TruFusion Yoga, LLC,

Case No.

**COMPLAINT FOR:**

17 | Plaintiff,

18 | v.

19 |

20 | TRUFUSION YOGA, LLC, a Nevada

21 | Limited Liability Company, MICHAEL BORDEN; MARTIN HINTON;

22 | TRUFUSION LLC, a Nevada Limited Liability Company, TRUFUSION

23 | FRANCHISING LLC, a Nevada Limited Liability Company, and DOES 1-10,

24 | inclusive,

25 |

26 | Defendants.

| 1) | **Breach of Loyalty** |
| 2) | **Breach of Loyalty** |
| 3) | **Constructive Fraud** |
| 4) | **Breach of Operating Agreement** |
| 5) | **Breach of Oral Agreement** |
| 6) | **Declaratory Judgment** |
| 7) | **Accounting & Unjust Enrichment** |
| 8) | **Accounting & Unjust Enrichment** |
| 9) | **Demand for Money Owed** |
| 10) | **Intentional Interference with Prospective Economic Advantage** |
| 11) | **Common Law Conspiracy** |
| 12) | **Trademark Infringement** |

27 |

28 | [1] Counsel will comply with LR IA 11-2 within 45 days.

**COMPLAINT**

13) **Counterfeiting**
14) **False Designation of Origin and Unfair Competition**
15) **Fraud**
16) **Dissolution**
17) **Rescission**

**DEMAND FOR JURY TRIAL**

Plaintiff, Seth Manheimer, in his own capacity and derivatively on behalf of TruFusion Yoga LLC, complains against Defendant TruFusion Yoga, LLC ("TruFusion Yoga"), Defendant Michael D. Borden ("Borden"), Defendant Martin Hinton ("Hinton"), Defendant TruFusion Franchising LLC ("TruFusion Franchising"), Defendant TruFusion LLC, ("TruFusion"), and DOES 1 through 10 ("Does"), (TruFusion Yoga, Borden, Hinton, TruFusion Franchising, TruFusion, and Does 1-10 are collectively referred to as "Defendants"), alleging as follows:

## JURISDICTION AND VENUE

1.     This is a civil action against Defendants for breach of loyalty, constructive fraud, breach of operating agreement, breach of oral agreement, declaratory judgment for Manheimer's interest in TruFusion Yoga, accounting and unjust enrichment, demand for money owed, intentional interference with prospective economic advantage, common law conspiracy, trademark infringement, counterfeiting, false designation of origin and unfair competition, fraud, request for dissolution, and rescission..

2.     This court has diversity subject matter jurisdiction over the claims pursuant to 28 U.S.C. § 1332 wherein the matter in controversy exceeds the sum or value of $75,000 and where the parties are citizens of different States. Specifically, Manheimer is a citizen of California, and Defendants are, on information and belief, citizens of Nevada. Moreover, this Court has federal question jurisdiction over Lanham Act claims under 15 U.S.C. §§

1117, 1125, *et seq.* and therefore supplemental jurisdiction under 28 U.S.C. § 1367 in relation to the state law claims.

3.      Venue is proper in this district under 28 U.S.C. § 1391(b)-(c), in that the claims arise in this Judicial District and the injury suffered by Plaintiff took place in this Judicial District. Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of Nevada. Moreover, Defendant TruFusion Yoga consented to jurisdiction in Nevada by and through the TruFusion Yoga Operating Agreement, which is the subject matter of this dispute.

4.      This Court has personal jurisdiction over Defendants. Among other things, Defendants have engaged in systematic and continuous contacts with Nevada in that they are or are members of entities formed in Nevada. On information and belief, Borden and Hinton reside in the District of Nevada. Moreover, Borden and Hinton have breached the duty of loyalty owed to TruFusion Yoga; Borden and Hinton entered into and breached the TruFusion Yoga Operating Agreement that provides for jurisdiction in Nevada, and have engaged in constructive fraud, fraud, and intentional interference with prospective economic advantage in Nevada, by and through Nevada entities.  Moreover, Borden and Hinton formed TruFusion Franchising and TruFusion, on information and belief, for the sole purpose of competing the TruFusion by and through issuing sham trademark licenses to third parties located in Nevada.

5.      This case is brought by Seth Manheimer as an individual and on behalf of TruFusion Yoga, a limited liability company of which he is an owner.  Defendant Michael Borden is also a member of TruFusion Yoga and is an equal owner with Manheimer. On information and belief, Defendant Michael Borden formed TruFusion Franchising and TruFusion solely to divert corporate opportunity to TruFusion Yoga, a company owned by Borden and Defendant Martin Hinton. Because Manheimer is a stranger to TruFusion Franchising and TruFusion in that he owns no part of either entity and because he is owed no contractual and fiduciary obligations, Manheimer and TruFusion Yoga suffer substantial monetary damages from TruFusion Franchising and/or TruFusion's exploitation of

2

TruFusion Yoga's opportunities. Moreover, TruFusion Franchising and/or TruFusion has been and continues to issue sham trademark licenses for marks owned by TruFusion Yoga and as such has been contributing to the loss of goodwill in the TruFusion Yoga brand that Plaintiff Manheimer spent substantial time and money building.

## **PARTIES**

6.     Plaintiff Seth Manheimer is an individual who resides in Los Angeles, California.  Manheimer is a member of TruFusion Yoga.

7.     Defendant TruFusion Yoga LLC, is a Nevada limited liability company and its principal place of business is at 8575 S. Eastern Ave., Las Vegas, Nevada.  TruFusion Yoga provides yoga, Pilates, and cycling fitness classes in the Las Vegas area.

8.     Defendant Michael D. Borden, individual, is a manager and member of TruFusion Yoga and, on information and belief, is a manager and member of TruFusion, which, in turn, is a manager and member of TruFusion Franchising. On information and belief, Borden lives in the Las Vegas, Nevada, area.

9.     Defendant Martin Hinton, individual, is a member of TruFusion Yoga and, on information and belief, is a member of TruFusion Franchising and TruFusion. On information and belief, Hinton lives in the Las Vegas, Nevada, area.

10.     Defendant TruFusion LLC is a Nevada limited liability company and is located at 8575 S. Eastern Ave., Las Vegas. On information and belief, TruFusion is solely owned by Borden and Hinton, and TruFusion is the manager of TruFusion Franchising.

11.     Defendant TruFusion Franchising LLC is a Nevada limited liability company with its principal place of business located at 8575 S. Eastern Ave., Las Vegas.

12.     Defendant Doe 1 is the purchaser of an ownership interest in TruFusion Yoga who on information and belief purchased ownership interest in TruFusion Yoga around July 2015 in breach of TruFusion Yoga's Operating Agreement, or in the alternative TruFusion Yoga's revised Operating Agreement which reflected an oral agreement made by and between Manheimer and Borden. Both the Operating Agreement and Revised Operating Agreement contains a right of first refusal with respect to the selling and transfer

3

of ownership interest in TruFusion Yoga. The transfer of sale was never offered, or even communicated to Manheimer, in violation of the right of first refusal provision.

13.    Does 2 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained. Plaintiff is informed and believes and, upon such, alleges that each of the Defendants designated here as a "Doe" is legally responsible in some manner for the events and happenings herein alleged and that Plaintiff's damages as alleged herein were proximately caused by such Defendants.

## FACTUAL ALLEGATIONS

14.    TruFusion Yoga provides yoga, Pilates, and cycling fitness classes in the Las Vegas area. TruFusion Yoga describes itself as "a one-of-a-kind" fitness studio that "offers over 220 weekly unique 'fusion' classes … [and] plac[es] emphasis on creating a community setting inside the studio."

### *The History of TruFusion Yoga LLC and Manheimer*

15.    On information and belief, on or around March 20, 2013, Steven Gregory ("Gregory"), Judiah Luke Hoffman ("Hoffman"), and Jeff Starr ("Starr") formed TruFusion Yoga, with the intention of providing group fitness classes in the Las Vegas area and of providing franchise opportunities to fitness entrepreneurs in other parts of the country. The duties of the original members were split generally as follows: Gregory was in charge of organizational needs, Hoffman in charge of operational needs, and Starr was the primary financier of the business.

16.    Around the same period in 2013, Plaintiff Manheimer began exploring opportunities to open a business in the health and wellness industry. Through mutual friends, Manheimer was introduced to Hoffman at the IDEA Fitness Conference in Las Vegas, Nevada in April of 2013. Manheimer and Hoffman entered into negotiations for Manheimer to join the company. Manheimer and Hoffman agreed on terms whereby Manheimer offered his assistance and expertise in small business and brand development in

4

exchange for learning about the business. Manheimer and Hoffman agreed on these terms prior to TruFusion Yoga's commencing its tenant improvements at 8575 Eastern Avenue. In reliance on this agreement, Manheimer moved from his home in Los Angeles, California, to a temporary residence in Las Vegas, Nevada, on or around May 1, 2013.

17. On or around June 2013, Borden approached Gregory and Hoffman about becoming an investor in TruFusion Yoga. The original members reached an agreement whereby Borden purchased Starr's membership interest in TruFusion Yoga and at the same time made an offer to Manheimer to purchase a one percent interest in TruFusion Yoga at the same valuation. On or around July 24, 2013, Borden, Hoffman, Gregory, Hinton, and Manheimer entered into the Operating Agreement of TruFusion Yoga LLC, a Nevada limited-liability company (the "TruFusion Yoga OA") which gave managers the authority to act on behalf of the LLC, thereby providing for manager-management. Starr also executed an acknowledgement in the TruFusion Yoga OA, the effect of which caused the relinquishment of any membership interest owned by Starr. Manheimer purchased 1% of TruFusion Yoga for $30,000.

18. TruFusion Yoga started to provide classes to the public around October 2013. From the beginning, it had major organizational and management problems, including a lawsuit with a competitor, potential liability related to a member of TruFusion Yoga who was fraternizing with staff, lack of financial organization, lack of human resources structure, lax employee oversight and management, and a general lack of organization, through the fault of Hinton and Borden. These problems resulted in customer and staff complaints from disrupting the business, and prevented TruFusion Yoga from making a profit.

19. From the opening of the studio in October 2013, Manheimer worked as the most visible member of TruFusion Yoga. He frequently worked at the studio seven days a week. He played an active and vital role mitigating the organizational and management problems. Manheimer served as the primary conflict resolver by and among members and worked vigorously to retain employees and clients.

5

20.     By November 2013, TruFusion Yoga needed more capital to continue as a going concern. The members agreed to loan the company $100,000, with each member paying a percentage of the loan equal to that by each member's percentage ownership interest at that time. Manheimer paid $1,000 because he was, at that time, a 1% owner of TruFusion Yoga.

### *Manheimer and Borden Become Equal Partners in TruFusion Yoga*

21.     The organizational and management problems cost TruFusion Yoga revenue and affected the value of the goodwill associated with the TruFusion brand. TruFusion Yoga needed someone to champion the company, diagnose its problems, fix them, and lead the company into greater earnings and less risk. Manheimer met with Borden on or around February 17, 2014, to discuss the major problems TruFusion Yoga was suffering and offer a solution.  Manheimer proposed to restructure the management and ownership of the company to give Manheimer and Borden equal ownership shares with Manheimer taking on the roles of General Manager, President, and CEO of TruFusion Yoga. Manheimer and Borden also discussed buying out the other members so that Manheimer and Borden could have equal ownership in TruFusion Yoga. As part of the restructure, they also discussed Hinton's percentage ownership that would vest at 2% interest in TruFusion Yoga every year for five years, assuming Hinton performed in good faith. As such, Manheimer and Borden would each own 45-49% of TruFusion Yoga depending on Hinton's percentage ownership.

22.     Within a few days, Borden verbally agreed with Manheimer's restructuring proposal. The restructuring was to be completed shortly after Manheimer helped Borden capture all of the equity in TruFusion Yoga. This agreement is reflected in numerous written communications between Borden and Manheimer including in a term sheet which reflected Borden and Manheimer's equal interest which is 45-49%. Manheimer continued to work at TruFusion Yoga seven days a week, and focused on operations, marketing, sales as well as on fixing the accounting systems in place and resolving the operational and management issues confronted by the company.  He quickly hired a new yoga director,

6

operations manager, front desk manager, kitchen manager, and recruited top instructors. The results of his efforts were rewarded by the Las Vegas Review-Journal naming TruFusion Yoga "Best of Las Vegas" as the Best Yoga/Pilates Studio.

23.     During March through May of 2014, TruFusion Yoga, spearheaded by Manheimer, bought out Gregory and Hoffman from their interest in TruFusion Yoga. Manheimer and Borden agreed to a valuation of TruFusion Yoga at $3 million. They agreed that Borden would receive an 80% distribution and Manheimer would receive a 20% distribution of net distributable profits until Borden's total disproportionate distribution equaled any difference between Borden's and Manheimer's investments. They also agreed that Manheimer would receive $1,500 a week as a guaranteed payment for his General Manager work, including retroactive payment from February 17, 2014, deferred until such time as the company had sufficient cash flow, and that Manheimer would receive a yearly bonus package of 7.5% of net distributable profits once TruFusion Yoga had sufficient cash flow.

24.     On or around May 2014, Manheimer on behalf of TruFusion Yoga provided a revised operating agreement (the "Revised TruFusion Yoga OA") that reflected the already agreed upon Manheimer/Borden equal interest in TruFusion Yoga. It also updated some of the proposed terms of the original operating agreement.  The draft reflected Manheimer and Borden's expressed understanding of the terms of their agreement.

25.     On or around June 13, 2014, Manheimer, Borden and Hinton orally agreed to the Revised TruFusion Yoga OA, and Manheimer signed the agreement and awaited a signature from Borden. In reliance on the oral agreement (represented in writing in the Revised TruFusion Yoga OA), Manheimer wired $628,000 to TruFusion Yoga, and received a congratulatory text message from Borden.  The $628,000 represented $500,000 for an equal ownership percentage of the company and $128,000 in additional loans to match Borden's.

**COMPLAINT**

### *Hinton and Borden Freeze Manheimer Out of TruFusion Yoga*

26.     Seven days after Manheimer wired $628,000, he learned from his bank that it had been returned on June 20, 2014. Manheimer proceeded to contact Hinton and Borden to inquire about the return of the money. Each assured Manheimer everything was fine and that the documents would be signed when Manheimer returned from a yoga teacher training.

27.     About a month later, on or around July 22, 2014, Manheimer and Borden met to discuss why the Revised TruFusion Yoga OA had not been signed and Manheimer's $628,000 had been returned. Borden informed Manheimer that he had reconsidered the deal between them and had decided that he would not sign the Revised TruFusion Yoga OA.

28.     In the same conversation, Borden offered Manheimer the opportunity to either invest in the next studio that TruFusion Yoga would open or become the first franchisee. Manheimer rejected Borden's offer and insisted that Borden execute the previously agreed upon Revised TruFusion Yoga OA, the terms of which had already been agreed to orally.

29.     Borden ultimately refused to sign the Revised TruFusion Yoga OA at which time Manheimer requested that TruFusion Yoga return his loans, purchase his ownership interest, remunerate him for his work for the company, and reimburse him for the costs related to the drafting of the Revised TruFusion Yoga OA. Borden agreed, presented Manheimer with a Membership Interest Purchase Agreement ("MIPA"), and asked Manheimer to submit an accounting of all amounts due to Manheimer. Manheimer submitted an accounting to Borden of around $97,000.

30.     By August, Borden had still not signed the MIPA nor sent Manheimer a check for the agreed upon amount. On information and belief, Borden both individually, and acting on behalf of TruFusion Yoga had no intention of ever executing the Revised TruFusion Yoga OA and all along planned on freezing out Manheimer *after* Manheimer spent months restructuring TruFusion Yoga, building the goodwill of the TruFusion brand, and coordinating the buy-back from Gregory and Hoffman.

31.     In October of 2014, Manheimer met with Borden at the TruFusion Yoga studio and inquired as to why the MIPA and check had not yet been sent. Borden refused to remunerate Manheimer for his services, including his $1,500 per week salary, and refused to pay for the legal fees related to the drafting of the Revised TruFusion Yoga OA, which Manheimer paid out-of-pocket.  Wanting to conclude his relationship with Borden, Manheimer agreed to a reduced monetary amount. Borden subsequently presented to Manheimer a second Membership Interest Purchase Agreement ("MIPA2") that included the reduced amount of $85,000. Manheimer executed the MIPA2 and returned it to Borden. Borden did not return a fully executed MIPA2 to Manheimer.

### *Borden and Hinton Begin Competing with TruFusion Yoga*

32.     Once Manheimer was frozen out of TruFusion Yoga, Borden and Hinton began wasting assets to the detriment of Manheimer by and through TruFusion LLC and TruFusion Franchising LLC.  On information and belief, both these entities were set up to unlawfully compete with TruFusion Yoga and to avoid TruFusion Yoga from collecting its rightful revenue, thereby cutting Manheimer out of his share of profits.

33.     Upon information and belief, on March 12, 2015, Borden registered TruFusion LLC with the Nevada Secretary of State, listing himself as the only officer of the company. Manheimer owns no interest in TruFusion.

34.     Upon information and belief, on March 12, 2015, TruFusion registered TruFusion Franchising LLC with the Nevada Secretary of State, listing TruFusion as the only officer of the company. Manheimer owns no interest in TruFusion.

35.     TruFusion Yoga is the owner of the rights to valuable trademarks related to the TruFusion brand. Acquiring its federal trademarks was consistent with TruFusion Yoga's original business purpose: to create a TruFusion brand and franchise it to other people.

36.     TruFusion Yoga's trademarks include the federally registered trademark "TruFusion" (US Trademark Serial No. 86094294) which has been registered for "[p]roviding physical fitness and exercise services, namely, yoga, Pilates, fitness, and

9

exercise classes and instruction; providing workshops, seminars and camps in the fields of yoga, Pilates, fitness, and exercise; providing online non-downloadable video and multimedia yoga, Pilates, fitness, and exercise classes and instruction; consulting services in the fields of yoga, Pilates, fitness and exercise." TruFusion Yoga remains the owner of this and other trademarks related to the TruFusion brand.

37.   Upon information and belief, TruFusion Franchising unlawfully entered into sham-licenses with Doe defendants for federal trademark rights and goodwill that belong to TruFusion Yoga—a brand that was built with Manheimer's sweat equity.

38.   These acts were expressly excluded by contract, including an employment agreement entered into by Hinton and TruFusion Yoga (the "Hinton Employment Agreement") which provided that Hinton was prohibited from competing with TruFusion Yoga. Specifically, the Employment Agreement states that Hinton may not "own more than a five percent (5%) equity stake in, manage, operate or control any business (a 'Competing Business') which operates a yoga studio in Clark County, Nevada." On information and belief, Hinton is a member of TruFusion and because TruFusion is the sole managing member of TruFusion Franchising, Hinton has breached his employment agreement by and through his right to "manage" and "control" a competing business.

### Borden Misrepresents a Cash Call for His Own Gain

39.   All the while competing with TruFusion Yoga and freezing Manheimer out of the company, Defendant Borden represented to Manheimer that TruFusion Yoga required a cash call and that Manheimer needed to pay $5,000 to retain an interest in TruFusion Yoga. Borden provided neither documentation nor financial documents supporting this contention. Indeed, neither the TruFusion Yoga OA (Article 7.2) nor the Revised TruFusion Yoga OA (Article 3.3) allow for such a capital call. On information and belief, Borden fabricated the cash call to defraud Manheimer of $5,000.

### Pre-suit Demand for Derivative Action Would Be Futile

40.   Manheimer need not send a demand on behalf of TruFusion Yoga because as Borden and Hinton's interest exceed Manheimer's, and as Defendants acted in their own

10

interest by and through diverting corporate opportunity and excluding Manheimer from such opportunity, they failed to exercise reasonable business judgment. Moreover, Borden's acts are ultra vires because the basis of the complaint was performed without the powers allowed by state law and without the power allowed by either the operating agreement or the revised operating agreement as fully described herein and expressly incorporated by reference.

## FIRST CLAIM FOR RELIEF

### (By Manheimer Against Borden and Hinton for Breach of Loyalty)

41.   Plaintiff incorporates here by reference the allegations set forth in paragraphs 1 through 40.

42.   As the manager and member of TruFusion Yoga, Borden, and as a member and employee of TruFusion Yoga, Hinton, each owe a duty of loyalty to the members of TruFusion Yoga, including Manheimer.

43.   Borden and Hinton intentionally and without good faith breached their duty of loyalty to Manheimer. TruFusion and TruFusion Franchising are limited liability companies, which on information and belief, benefit Borden and Hinton, to the detriment of Manheimer.  By engaging in this wrongful conduct, Borden and Hinton engaged in self-dealing, which has damaged Manheimer who is not participating in the license fee and the royalty payments made by the franchise licensees. On information and belief, while acting on behalf of TruFusion Yoga, Borden and Hinton caused TruFusion and TruFusion Franchising's infringement, use, and exploitation of TruFusion Yoga's registered trademarks, unbeknownst to Manheimer. Borden and Hinton also encouraged others to infringe the TruFusion Yoga's registered trademarks by, on information and belief, entering into sham licensing deals in relation to franchising rights.  Manheimer has not been informed by Defendants that a bona fide license exists between TruFusion Yoga and TruFusion Franchising.

**COMPLAINT**

44.    The self-dealing also extended to the purchase of ownership interest in TruFusion Yoga. On or around January 26, 2016, Borden represented to Manheimer that TruFusion Yoga received an investment valued at $15,000 per percentage point in July 2015.  This investment was unauthorized. As per the Revised OA Section 8.2.2 (and also as per the TruFusion Yoga OA agreed to before), Manheimer should have been given a right of first refusal on that interest, but was not given that opportunity.

45.    Borden and Hinton intentionally kept Manheimer uninformed about financial dealings about the company, intentionally competed with the company, and intentionally failed to engage in fair dealings with Manheimer, and these intentional acts caused Manheimer harm.

46.    As a result of the breach of the duty of loyalty, Manheimer has suffered damages in the amount to be proven at trial.

47.    The aforementioned acts of Borden and Hinton are willful, oppressive, fraudulent, and malicious.

48.    Manheimer has and will continue to suffer irreparable injury unless the aforementioned actions of Defendants Borden and Hinton are enjoined, making injunctive relief necessary.

## SECOND CLAIM FOR RELIEF

### (By TruFusion Yoga Against Borden and Hinton for Breach of Loyalty)

49.    Plaintiff incorporates here by reference the allegations set forth in paragraphs 1 through 48.

50.    As the manager and member of TruFusion Yoga, Borden and as a member of TruFusion Yoga, Hinton, owes a duty of loyalty to TruFusion Yoga.

51.    Among other things, Borden and Hinton knew that TruFusion Yoga owned in full the interest to TruFusion trademarks and franchise rights. Moreover, both Borden and Hinton understood that TruFusion Yoga's primary asset is its interest in the TruFusion trademark and franchise rights.

**COMPLAINT**

52.     On information and belief, Borden and Hinton set up separate entities TruFusion and TruFusion Franchising LLC, for which Borden and, on information and belief, Hinton own membership interest. On information and belief, the purpose of these entities was to compete with TruFusion Yoga by entering into franchise agreements and trademark license agreements with rights that belong to TruFusion Yoga. On information and belief, TruFusion Yoga has taken no action while TruFusion Franchising entered into franchising agreements for at least 16 franchise locations, without a good faith payment to or accounting to TruFusion Yoga. As such, Borden and Hinton are financially benefiting from TruFusion Yoga's assets without accounting to TruFusion Yoga for them.

53.     On information and belief, TruFusion Yoga has been prohibited from collecting its rightful revenue to at least 3 franchisees, and will be prohibited from collecting revenue of least 13 more franchisees that will be opening (according to a TruFusion Franchising press release) of the TruFusion brand.  On information and belief, TruFusion Yoga is currently planning on entering franchise agreements with franchisees in California, Florida, Texas, and Utah.

54.     On information and belief, TruFusion Franchising has licensed and continues to license the TruFusion Brand to licensees for an initial payment of $50,000 and a 7% ongoing royalty. These franchising costs are listed on the TruFusion Franchising website.

55.     On information and belief, TruFusion Yoga has not received any monies from the franchising dealings. By failing to disclose the amount owed to Manheimer in an effort to conceal TruFusion Yoga's assets and value, Borden and Hinton have breached their duty of loyalty by competing with TruFusion Yoga.

56.     Plaintiff is further informed and believes that Borden and Hinton do not intend to enforce TruFusion Yoga's right to collect income from franchising the TruFusion brand in the future.

57.     As a direct and proximate result of Borden and Hinton's breach of fiduciary duty, TruFusion Yoga has been damaged in an amount to be proven at trial, in an amount reflecting, at least, the franchising income that should have been made to TruFusion Yoga.

**COMPLAINT**

58.     The aforementioned acts of Borden and Hinton were willful, oppressive, fraudulent, and malicious.

59.     TruFusion Yoga has and will continue to suffer irreparable injury unless the aforementioned actions of Defendants Borden and Hinton are enjoined, making injunctive relief necessary.

## THIRD CLAIM FOR RELIEF

### (By Manheimer and TruFusion Yoga Against Borden and Hinton
### for Constructive Fraud)

60.     Plaintiff incorporates here by reference the allegations set forth in paragraphs 1 through 59.

61.     As alleged herein, Defendants Borden and Hinton breached the duty of loyalty by, at least, purposefully failing to disclose of their conflict of interest created by TruFusion and TruFusion Franchising. Each conflict was created by the affirmative, purposeful action of Borden and Hinton by forming separate entities that issue sham licenses of trademarks owned by TruFusion Yoga.  Borden and Hinton also failed to report the profits made by TruFusion and TruFusion Franchising that rightfully belong to TruFusion Yoga. As such, Defendants Borden and Hinton failed to disclose their breaches of loyalty and are responsible for constructive fraud.

62.     Manheimer and TruFusion Yoga relied upon Defendants' loyalty in reporting and relied upon Defendants to not unlawfully compete using assets belonging to TruFusion Yoga.

63.     As a direct and proximate result of Borden and Hinton's constructive fraud, Manheimer and TruFusion Yoga have been damaged in an amount to be proven at trial.

64.     The aforementioned acts of Borden and Hinton were willful, oppressive, fraudulent, and malicious.

65.     Manheimer and TruFusion Yoga have suffered and will continue to suffer irreparable injury unless the aforementioned actions of Defendants Borden and Hinton are enjoined, making injunctive relief necessary.

14

## FOURTH CLAIM FOR RELIEF

### (By Manheimer Against Borden,

### Hinton, and TruFusion Yoga for Breach of Operating Agreement)

66.     Plaintiff incorporates here by reference the allegations set forth in paragraphs 1 through 65.

67.     Manheimer, Borden, and Hinton are and were all members of TruFusion Yoga LLC when the TruFusion Yoga OA was the operative agreement (which was until or around April 2015, when the parties orally agreed to the terms represented in the Revised TruFusion Yoga OA). The parties agreed to and executed a written operating agreement as described above.  An implied covenant of good faith and fair dealing exists in every contract and forbids arbitrary, unfair acts by one party to the disadvantage of the other.

68.     At all times material hereto, Plaintiff performed fully his contractual obligations. Defendants TruFusion Yoga and Borden breached the TruFusion Yoga OA (the first operating agreement) and each of the breaches occurred while it was the operative agreement. Defendants breached the agreement by:

    a.  Failing to provide consistent financial reporting to Members, including Manheimer, since the existence of the company. *See* TruFusion Yoga OA 3.2.1.

    b.  Failing to provide information required by the Internal Revenue Code of 1986, as amended (the "Code") or the Nevada Limited Liability Company Act (the "Act"). *See* TruFusion Yoga OA 3.2.2.

    c.  Failing, on information and belief, to maintain a record of Capital Account for each Member. *See* TruFusion Yoga OA 3.2.3.

    d.  Failing, on information and belief, to provide a membership roster of TruFusion Yoga, including the name and last known address of each member, existing promised or contingent Capital Contributions, and the terms of any promised or contingent contributions. *See* TruFusion Yoga OA 4.1.

15

**COMPLAINT**

e.  Failing to offer Members, including Manheimer, the opportunity to purchase interest prior to the sale to Doe 1, as members have the right of first refusal to any interest sold or transferred. *See* TruFusion Yoga OA 4.2.

f.  Failing to provide an annual accounting after Manheimer issued a request, which was sent to Borden's counsel at least, on or around January 30, 2016 and April 15, 2016.

g.  Failing to issue distributions to Manheimer.

h.  On information and belief, entering into business transactions that prepared to and in fact did directly compete and therefore creating  a conflict of interest with TruFusion Yoga.

i.  On information and belief forming TruFusion and TruFusion Franchising LLC, which work in concert to franchise the TruFusion brand owned by TruFusion Yoga.

j.  On information and belief, failing to collecting monies from the franchisees who pay $50,000 as an initial investment and 7% royalty to the TruFusion Franchising. On information and belief, none of the franchising revenues are collected by TruFusion Yoga, but all of the benefit is realized by TruFusion, TruFusion Franchising, Borden, and Hinton, to the detriment of Manheimer.

k.  Failing to provide a detailed Annual Budget and Plan which establishes and defines the policies and procedures to be used to conduct business as well as provide sufficient details regarding proposed capital expenditures and major building expenditures, an estimate of costs and expense, revenue and profit, a budget and a schedule of replacement of personal and depreciable property in accordance with GAAP. Defendant TruFusion and Borden ***never*** provided an Annual Budget as required by 6.10 of the TruFusion Yoga OA.

16
**COMPLAINT**

69.     Borden, Hinton, and TruFusion Yoga (by and through Borden and Hinton) further breached the implied covenant of good faith and fair dealing by their failure to disclose any information regarding the financial health of TruFusion Yoga.  Additionally, Borden, Hinton and TruFusion Yoga participated in wasting TruFusion Yoga's corporate assets, such as franchising rights, by allowing TruFusion Yoga and TruFusion LLC to profit and exploit the franchising rights without getting fairly compensated.

70.     As a direct and proximate result of Borden and Hinton's breaches and refusal to perform their obligations under the terms and provision of the Agreement, Manheimer has sustained damages in an amount according to proof at trial.

## FIFTH CLAIM FOR RELIEF

### (By Manheimer Against Borden, Hinton and TruFusion Yoga
### for Breach of Oral Agreement)

71.     Plaintiff incorporates here by reference the allegations set forth in paragraphs 1 through 70.

72.     As pleaded herein, Borden, Hinton, and TruFusion Yoga orally agreed to the restructuring that was represented by the Revised TruFusion Yoga OA and a separate term deal memo. The oral agreement was entered into on or around February 17, 2014.  An implied covenant of good faith and fair dealing exists in every contract and forbids arbitrary, unfair acts by one party to the disadvantage of the other.

73.     At all times material hereto, Plaintiff fully performed his contractual obligations. Defendants TruFusion Yoga and Borden breached the oral agreement, represented by the Revised TruFusion Yoga OA by:

a. Failing to make distributions to Manheimer when on information and belief TruFusion Yoga has Available Cash as defined by the agreement and by doing so without good faith. (Revised TruFusion Yoga OA 4.1)

b. Diverting corporate opportunity by and through its franchise rights to TruFusion Franchising, a company not owned or controlled by Manheimer, or in the alternative not collecting income from the franchising business. This

17

was done all in an effort to prevent Manheimer from collecting the monies rightfully owed to him and was done without taking a proper vote or approval, and therefore was performed outside the powers of the Managers, who are Borden and Manheimer;

c. Selling interest in TruFusion Yoga without first offering the interest to Manheimer, in violation of the right of first refusal provided in Section 8.2 of the Revised TruFusion Yoga OA.

d. Failing to keep books of the TruFusion Yoga subject to Code Section 448, or in the alternative failing to give Manheimer access to the books;

74.    As a direct and proximate result of Borden and Hinton's breaches and refusal to perform their obligations under the terms and provision of the Agreement, Manheimer has sustained damages in an amount according to proof at trial.

## SIXTH CLAIM FOR RELIEF

### (By Manheimer for Declaratory Judgment)

75.    Plaintiff incorporates here by reference the allegations set forth in paragraphs 1 through 74 as if fully set forth herein.

76.    An actual controversy exists as to the percentage ownership of each partner in TruFusion Yoga. On or around, February 17, 2014, Plaintiff Manheimer and Defendant Borden orally agreed that Manheimer and Borden would be equal partners of TruFusion Yoga. Manheimer, Borden, and Hinton agreed that Hinton's share would increase by 2% every year, for the next 5 years, subject to his good faith participation in TruFusion Yoga. Hinton's contingent increased interest would be off-set equally between Borden and Manheimer's interest. When Hinton's interest was 2%, Manheimer and Hinton would each own 49%; when Hinton's interest was 4%, Manheimer and Hinton would each own 48%, and so on. At best for Defendants, Manheimer and Borden currently own 47%, and Hinton, at best, owns 6 % interest in TruFusion Yoga, which would assume Hinton acted in good faith and received 2% over each of three years. If Hinton did not acquire additional interest, Manheimer owns 49% of TruFusion Yoga.

18

77.     This agreement executed orally was later confirmed in writing and distributed to Defendants Borden and Hinton as the Revised TruFusion Yoga OA. At first Borden confirmed he accepted and would sign the written confirmation of the agreement, but he later refused to sign the written version of the agreement.

78.     In subsequent correspondence, including as recently as July 22, 2016, Borden sent a letter to Manheimer that demonstrated his understanding that Manheimer was still a member of TruFusion Yoga. He presented Manheimer with an opportunity to be bought out for $85,000 by delivering to him a cashier's check. Manheimer did not accept Borden's proposal and did not cash the check.

79.     The July 22, 2016 letter represented that Manheimer was the owner of 1000 membership units of TruFusion Yoga LLC. On information and belief, that is around 1% of the company.  A disagreement exists as the percentage of ownership of each member in TruFusion Yoga because Manheimer believes he is a 47-49% owner of TruFusion Yoga, as explained above.

80.     Accordingly, Manheimer seeks a declaration pursuant to 28 U.S.C. § 2201(a) that Manheimer is at least a 47% owner in TruFusion Yoga LLC.

## SEVENTH CLAIM FOR RELIEF

### (By Manheimer Against TruFusion Yoga Accounting and Unjust Enrichment)

81.     Plaintiff incorporates here by reference the allegations set forth in paragraphs 1 through 80.

82.     Manheimer as a member and owner of TruFusion Yoga is entitled an order compelling Defendant TruFusion Yoga to submit to an independent audit and accounting as to all revenues received by or accruing to it, including its respective agents, subsidiaries, and affiliates, from any and all sources in respect to or in connection with TruFusion Yoga.

83.     Manheimer is further entitled to relief by a judicial order and decree commanding TruFusion Yoga to disgorge and pay over to Manheimer distributions in accordance with Manheimer's ownership interest in TruFusion Yoga, in an amount according to proof.

19

**COMPLAINT**

## EIGHTH CLAIM FOR RELIEF

### (By Manheimer and TruFusion Yoga Against TruFusion and TruFusion Franchising for Accounting and Unjust Enrichment)

83.     Plaintiff incorporates here by reference the allegations set forth in paragraphs 1 through 82.

84.     Manheimer as a member and owner of TruFusion Yoga is entitled to an order compelling Defendants TruFusion and TruFusion Franchising to submit to an independent audit and accounting as to all revenues received by or accruing to it, including its respective agents, subsidiaries, and affiliates, from any and all sources in respect to or in connection with the TruFusion brand, which is rightfully owned by TruFusion Yoga.

85.     Manheimer is further entitled to a judicial order and decree commanding TruFusion and TruFusion Franchising to disgorge and pay over to TruFusion Yoga, and its members, including Manheimer, all revenues generated by TruFusion and TruFusion Franchising, in the amount according to proof.

## NINTH CLAIM FOR RELIEF

### (Demand by Manheimer for Money Owed)

86.     Plaintiff incorporates here by reference the allegations set forth in paragraphs 1 through 85.

87.     On or around November 25, 2013, Manheimer made a loan to TruFusion Yoga in the amount of $1,000 subject to the terms of a written loan agreement.  The written loan agreement also provided that Manheimer could make an additional loan for up to $50,000 at the request of TruFusion Yoga and on the same terms.

88.     Manheimer loaned TruFusion Yoga a total of $51,000 as a loan. This includes the original $1,000 loan paid pursuant to the original written loan agreement, approximately $25,000 in charges on Manheimer's personal credit card, and a $25,000 check written that was cashed on or around May 23, 2014 to cover TruFusion Yoga's business expenses. All amounts loaned were never paid back.

**COMPLAINT**

89.   TruFusion Yoga has failed to repay any of Manheimer's loans and TruFusion Yoga remains indebted to Manheimer for all of the money owed, plus interest.

90.   As a result of TruFusion Yoga's failure to repay Manheimer's loans in full, Manheimer has been damaged in an amount to be proven at trial but at least $51,000, plus interest.

91.   As per the written note with respect to $50,000 of debt, the interest accrued at 10% except for amounts owed after the maturity date of November 24, 2014, which accrued at 15% interest.  The written note also provided for Manheimer to recover legal fees and costs associated with pursuing this action.

## TENTH CLAIM FOR RELIEF

**(By TruFusion Yoga and Manheimer Against Borden, Hinton, TruFusion Franchising, and TruFusion for Intentional Interference of Prospective Economic Advantage)**

92.   Plaintiff incorporates here by reference the allegations set forth in paragraphs 1 through 91.

93.   On information and belief, Defendants Borden and Hinton are members and owners of TruFusion Yoga, and TruFusion, and Borden has been a manager of TruFusion Yoga at all times relevant to this case. Borden and Hinton understood that TruFusion Yoga owned in full the interest to TruFusion trademarks and franchise rights. Moreover, both Borden and Hinton understood that TruFusion Yoga's primary asset is its interest in the TruFusion trademark and franchise rights.

94.   On information and belief, Borden and Hinton set up separate entities TruFusion LLC and TruFusion Franchising LLC, in which Borden and Hinton own membership interests, to enter into franchise agreements and trademark license agreements with rights that belong to TruFusion Yoga. On information and belief, TruFusion Franchising entered into franchising agreements for at least 16 franchise locations, without a good faith payment to or accounting to TruFusion Yoga. As such, Borden and Hinton are

**COMPLAINT**

financially benefiting from TruFusion Yoga's assets without accounting to TruFusion Yoga for them.

95.   Defendants Borden and Hinton intended to harm TruFusion Yoga and Manheimer by preventing TruFusion Yoga from entering into the franchising agreements with third parties, and instead seizing the opportunity for themselves by and through TruFusion and TruFusion Franchising.

96.   Borden, Hinton, TruFusion and TruFusion Franchising acted without privilege or justification, and acted to purposefully divert TruFusion Yoga's corporate opportunities to TruFusion and TruFusion Franchising so that TruFusion Yoga, and therefore Manheimer, would not yield the benefit of franchising income.

97.   As a direct and proximate result of Borden, Hinton, TruFusion, and TruFusion Franchising's intentional interference with prospective economic advantage, TruFusion Yoga and Manheimer has been damaged in an amount believed to be over $4 million, including amounts of franchising income that should have been received by TruFusion Yoga but were instead diverted to TruFusion Franchising, TruFusion, Hinton, and Borden.

98.   The aforementioned acts of Borden, Hinton, and TruFusion Franchising were willful, oppressive, fraudulent, and malicious.

99.   TruFusion Yoga and Manheimer have suffered and will continue to suffer irreparable injury unless the aforementioned actions of Defendants Borden, Hinton, TruFusion, and TruFusion Franchising are enjoined, making injunctive relief necessary.

## ELEVENTH CLAIM FOR RELIEF

### (By Manheimer Against Borden and Hinton for Common Law Conspiracy)

100.   Plaintiff incorporates here by reference the allegations set forth in paragraphs 1 through 99.

101.   Borden and Hinton, acting intentionally and in concert with each other and with third parties, conspired to intentionally interfere with TruFusion Yoga's and therefore Manheimer's advantageous economic advantage, as set forth herein.

22

**COMPLAINT**

102.    Borden and Hinton, through their concerted actions, intended to accomplish unlawful objectives for the purpose of harming TruFusion Yoga, and therefore Manheimer, as set forth above.

103.    As a direct and proximate result of Borden and Hinton's civil conspiracy, Manheimer has suffered damages in an amount to be proven at trial.

## TWELFTH CLAIM FOR RELIEF

### (By Manheimer Derivatively Against TruFusion Franchising
### for Trademark Infringement, 15 U.S.C. § 1114 )

104.    Plaintiff incorporates here by reference the allegations set forth in paragraphs 1 through 103.

105.    TruFusion Yoga LLC is the legal owner of certain federally registered marks marks, including:

TRUFUSION, registration number 4932037;

TRUFUSION, registration number 4890634;

TRUFUSION, registration number 4890630;

TRUFUSION, registration number 4837322;

TRUFUSION, registration number 4773532;

TRUFUSION, registration number 4773531;

TRUFUSION, registration number 4773530;

 'FIND YOUR EDGE TRUFUSION

BARRE·CYCLE·PILATES·YOGA·KETTLEBELL·AERIAL·BOOTCAMP',

 registration number 4988040;

collectively referred to as "Registered Marks."

106.    The Registered Marks are valid, protectable and distinctive trademarks that TruFusion Yoga has continuously used to promote its group fitness services since at least the date of first use of each mark as designated in the United States Patent and Trademark Office records. TruFusion Yoga is the owner of each of the Registered Marks.

**COMPLAINT**

107.   TruFusion Franchising has used marks that are the same as or confusingly similar to the Registered Marks, in violation of 15 U.S.C. § 1114. TruFusion Franchising use of the confusingly similar imitations of the Registered Marks is likely to cause confusion, deception, and mistake by creating the false and misleading impression that TruFusion Franchising's services are produced, endorsed, sponsored, approved by TruFusion Yoga, and Manheimer. Manheimer is informed and believes and thereon alleges that TruFusion Franchising utilized the Registered Marks in order to create consumer confusion and has in fact created consumer confusion, including but not limited to affiliation or association between TruFusion Yoga and TruFusion Franchising.

108.   Moreover, as admitted and promoted on TruFusion Franchising's website, TruFusion Franchising is entering into franchising agreements with other parties. These franchising agreements would necessarily include, on information and belief, a purported license to use the Registered Marks. On information and belief, TvruFusion Franchising is encouraging and inducing each franchisee to infringe TruFusion Yoga's Registered Marks to the determent of Manheimer by and through the sale of the franchise rights and, on information and belief, by providing instructions to use the franchising rights and encouragement to use the trademarks in the franchisees' businesses.

109.   TruFusion Yoga Franchising LLC has never had any valid right or authorization to use any of the Registered Marks.  To the extent that TruFusion Yoga Franchising LLC may purport to have any such rights, they are invalid for reasons including, on information and belief, the following:

a.  Any purported grant or transfer of rights in the Registered Marks to TruFusion Yoga Franchising LLC has constituted self-dealing by Borden and Hinton and a bad-faith, unfair attempt to circumvent Manheimer's rights in the assets of TruFusion Yoga LLC.

b. Manheimer did not consent to any purported grant or transfer of rights in the Registered Marks to TruFusion Yoga Franchising LLC and did not receive notice of any such grant or transfer.  Any purported grant or transfer of trademark rights was not

**COMPLAINT**

1  properly authorized in accordance with either operating agreement of TruFusion Yoga LLC

2  or the laws of Nevada.

3       c.   TruFusion Yoga Franchising LLC has not provided adequate, fair, or

4  reasonable consideration for any purported grant or transfer of trademark rights, and any

5  such purported grant or transfer constitutes a fraudulent conveyance.

6  On information and belief, TruFusion Yoga Franchising LLC knows, and at all relevant

7  times has known, the foregoing facts and that any purported grant or transfer of rights in

8  the Registered Marks to TruFusion Yoga Franchising LLC was fraudulent and invalid.

9       110.   TruFusion Franchising, Borden and Hinton's actions complained of herein

10  were intentional, willful, and malicious, and deliberately intended to trade on the goodwill

11  associated with the Registered Marks.

12       111.   Plaintiff is informed and believes and thereon alleges that as a proximate result

13  of the unfair advantage accruing to TruFusion Franchising's business that deceptively

14  trades on TruFusion Yoga's advertising, sales, and customer recognition, Defendants have

15  made substantial sales and profits in an amount to be established according to proof.

16       112.   As a proximate result of the infringement, TruFusion Yoga has been damaged

17  and deprived of substantial sales and deprived of the value of the trademarks as a

18  commercial asset in the amounts to be established according to proof.

19       113.   Manheimer, on behalf of TruFusion Yoga, is informed and believes that unless

20  restrained by the Court, Defendants will continue to infringe the Registered Marks and that

21  monetary compensation will not afford TruFusion Yoga adequate relief for the damage to

22  its trademark in the public perception. Further, Manheimer is informed and believes and

23  thereon alleges that in the absence of injunctive relief, customers are likely to continue to

24  be mistaken or deceived as to the true source origin, sponsorship, and affiliation of

25  Defendants and their fitness and franchising services.

26       114.   Defendants' acts were committed and continue to be committed with actual

27  notice of TruFusion Yoga's exclusive rights and with an intent to cause confusion, to cause

28  mistake, and/or to deceive, and cause injury to the reputation and goodwill associated with

TruFusion Yoga and its services, whichever is greater, together with Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1117.  In addition, pursuant to 15 U.S.C. § 1118, TruFusion Yoga is entitled to an order requiring destruction of all infringing materials in Defendants' possession.

## THIRTEENTH CLAIM FOR RELIEF

### (By Manheimer Derivatively Against TruFusion Franchising
### for Trademark Counterfeiting, 15 U.S.C. § 1116)

115.   Plaintiff incorporates here by reference the allegations set forth in paragraphs 1 through 114.

116.   TruFusion Franchising and the TruFusion franchisees unauthorized use of the Registered Marks on counterfeit franchisee fitness studios that provide identical fitness services is causing consumer confusion as to the source and sponsorship of these counterfeit services.

117.   The sales of franchising rights and memberships of these counterfeit services have caused considerable damage to the goodwill of TruFusion Yoga and the brand recognition of the Registered Marks.

118.   The sales of these counterfeit services by Defendants have further resulted in lost profits to TruFusion Yoga and have resulted in a windfall for Defendants.

119.   Manheimer, both individually and on behalf of TruFusion Franchising reserves the right to elect, at any time before final judgment is entered in this case, an award of statutory damages pursuant to 15 U.S.C. § 1117(c)(1) and/or (2).

120.   Because of the willful nature of the counterfeiting, TruFusion Yoga, and therefore Manheimer is entitled to an award of statutory damages of up to $2,000,000 per mark infringed under 15 U.S.C. § 1117(c)(2).

121.   In the alternative, and at a minimum, Plaintiff is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits, and treble damages, costs, and reasonable attorneys' fees under 15 U.S.C. § 1117(b).

**COMPLAINT**

122. On information and belief, Borden and Hinton materially profited from the activities of TruFusion Franchising's counterfeiting, in the form of increased distributions or salary. As such, the corporate officers and directors are further jointly and severally liable for the counterfeiting.

123.   The acts of direct and/or contributory counterfeiting committed by the Defendants have caused and will continue to cause TruFusion Yoga, and therefore Manheimer, harm unless enjoined by this Court.

## FOURTEENTH CLAIM FOR RELIEF

### (By Manheimer Derivatively Against TruFusion Franchising
### for False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125(a))

124.   Plaintiff incorporates here by reference the allegations set forth in paragraphs 1 through 123.

125.   TruFusion Yoga is informed and believes and thereon alleges that the TruFusion trademarks, as described herein, have become associated in the minds of consumers with TruFusion Yoga and its services.

126.   TruFusion Yoga is informed and believes and thereon alleges that as a proximate result of TruFusion Franchising and franchisees' false designation of origin, by and through the use of TruFusion Yoga's Registered Trademarks, Defendants stand to make substantial sales and profits in amounts to be established according to proof.

127. TruFusion Yoga is informed and believes and thereon alleges that unless restrained by this Court, Defendants will continue to designate falsely the origin of their goods, causing irreparable damage to TruFusion Yoga and engendering a multiplicity of lawsuits. Monetary compensation will not afford TruFusion Yoga adequate relief for its resulting damages. Further, TruFusion Yoga is informed and believes and thereon alleges that in the absence of injunctive relief, customers are likely to continue being mistaken or deceived as to the true source, origin, sponsorship, and affiliation of Defendants' services.

128. TruFusion Yoga is informed and believes and thereon alleges that Defendants' acts were committed, and continue to be committed, with actual notice of TruFusion

Yoga's trademarks and with an intent to cause confusion, to cause mistake, and to deceive, and to cause injury to the reputation and goodwill associated with TruFusion Yoga and its genuine services.

## FIFTEENTH CLAIM FOR RELIEF

### (By Manheimer Against TruFusion LLC, TruFusion Franchising LLC, and Borden for Fraud)

129.   Plaintiff incorporates here by reference the allegations set forth in paragraphs 1 through 128.

130. When TruFusion Yoga was first formed to create a brand and sell the franchise rights. Indeed, when Manheimer became a 1% owner and later an equal owner with Borden, he understood that he was an owner of the TruFusion Yoga brand, which was corroborated by the USPTO registrations of TruFusion mark, owned by TruFusion Yoga. On or around February 17, 2014, Borden and Manheimer agreed that after the first studio was successful, they would franchise the TruFusion rights as investors would see it as an attractive opportunity. On information and belief, Borden never intended to include Manheimer in the profits of the franchise rights as later corroborated by Borden forming TruFusion and TruFusion Franchising.  On information and belief, Borden falsely represented to Manheimer that if Manheimer invested his marketing expertise, his time and his energy into building a successful brand that was marketable and that franchisees were willing to invest in, Manheimer would share in the franchising profits. But, Borden never intended Manheimer to ultimately benefit. Borden's statements about sharing the profits with Manheimer in the franchising rights by and through TruFusion Yoga were false.

131.   In reasonable reliance on Borden's statements about including Manheimer on the franchising rights and revenues, Manheimer put in valuable time and effort into building the brand. This time and energy was a huge opportunity cost for Manheimer who has started and sold other successful businesses, including a marketing company. Of course, Manheimer reasonably relied on Borden's statements because TruFusion Yoga was the only entity at the time Manheimer and Borden were creating the brand.

28

132.   Since March, 2013, Borden and Hinton, by and through TruFusion and TruFusion Franchising, has offered to sell, has sold and continues to sell TruFusion franchising rights to other parties even though, on information and belief, no franchising rights have been transferred to TruFusion nor TruFusion Franchising. On information and belief Borden's plan all along was to reap Manheimer's expertise in marketing, his time, and his effort to benefit the TruFusion brand while never benefiting Manheimer.

133.   Borden and Hinton, by and through TruFusion and TruFusion Franchising, knew the franchising rights belonged to TruFusion Yoga, and therefore understood that the representations were false.

134.   As a direct and proximate result of Borden, TruFusion, and TruFusion Franchising's fraud, Manheimer and TruFusion Yoga has suffered damages in an amount to be proven at trial.

## SEVENTEENTH CLAIM FOR RELIEF

**(Manheimer and TruFusion Yoga Against TruFusion LLC and TruFusion Franchising for Dissolution of TruFusion LLC and TruFusion Franchising LLC)**

135.   Plaintiff incorporates here by reference the allegations set forth in paragraphs 1 through 134.

136.   Under Nevada Revised Statues Section 86.141, "[a] person shall not organize a limited-liability company for any illegal purpose or with the fraudulent intent to conceal any business activity [] from another person []."

137.   Defendant Borden and Hinton organized TruFusion LLC and TruFusion Franchising LLC for the sole purpose of defrauding TruFusion Yoga from its franchising rights and trademark rights, even when the latter is registered with the USPTO under TruFusion Yoga's ownership.

138.   Moreover, Defendants' scheme, on information and belief, involves issuing sham licenses to Does, who are therefore infringing TruFusion Yoga's trademarks rights as well.

**COMPLAINT**

## SEVENTEENTH CLAIM FOR RELIEF

**(TruFusion Yoga Against TruFusion LLC and TruFusion Franchising
for Rescission)**

139.   Plaintiff incorporates here by reference the allegations set forth in paragraphs 1 through 138.

140.   TruFusion Yoga is the owner of certain Registered Trademarks as well as liquid capital. On information and belief, Borden and Hinton formed TruFusion and TruFusion Franchising to unlawfully compete with TruFusion Yoga and to divert TruFusion Yoga's assets to these entities to the detriment of Manheimer.

141.   On information and belief, TruFusion Yoga has entered into certain agreements with TruFusion and TruFusion Franchising for the sole purpose of unlawfully diverting assets from TruFusion Yoga, which directly conflicts with Hinton's and Borden's duty of loyalty and duty of good faith and fair dealing. As such, these agreements are unlawful.

143.  TruFusion Yoga Franchising LLC may purport to have any the right to enter into franchising agreement using the TruFusion trademarks, but they are invalid for reasons including, on information and belief, the following:

a.  Any purported grant or transfer of rights in the Registered Marks to TruFusion Yoga Franchising LLC has constituted self-dealing by Borden and Hinton and a bad-faith, unfair attempt to circumvent Manheimer's rights in the assets of TruFusion Yoga LLC.

b. Manheimer did not consent to any purported grant or transfer of rights in the Registered Marks to TruFusion Yoga Franchising LLC and did not receive notice of any such grant or transfer.  Any purported grant or transfer of trademark rights was not properly authorized in accordance with either operating agreement of TruFusion Yoga LLC or the laws of Nevada.

c.  TruFusion Yoga Franchising LLC has not provided adequate, fair, or reasonable consideration for any purported grant or transfer of trademark rights, and any such purported grant or transfer constitutes a fraudulent conveyance.

**COMPLAINT**

On information and belief, TruFusion Yoga Franchising LLC knows, and at all relevant times has known, the foregoing facts and that any purported grant or transfer of rights in the Registered Marks to TruFusion Yoga Franchising LLC was fraudulent and invalid.

144. These agreements were entered into for an unlawful purpose to compete and divert assets from TruFusion Yoga and also Manheimer, these agreements should be rescinded as Manheimer by and through TruFusion Yoga is without an adequate remedy of law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Manheimer and TruFusion Yoga LLC respectfully request the following relief against Defendant as follows:

1. With regard to Defendants' Breach of Loyalty:

   a. For compensatory damages of at least $2,000,000;

   b. For punitive damages;

   c. For removal of Hinton and Bordon and for the appointment of provisional managers

2. With regard to Defendants' Breach of Operating Agreement:

   a. For compensatory damages of at least $2,000,000;

   b. For punitive damages;

3. With regard to Defendants' Constructive Fraud:

   a. For compensatory damages of at least $2,000,000;

   b. For punitive damages;

4. With regard to Defendants' Breach of Oral Agreement

   a. For compensatory damages of around least $2,000,000;

5. With regard to Defendants' Declaratory Relief action:

   a. For an Order finding Manheimer a 47-49% interest owner in TruFusion Yoga LLC;

6. With regard to Defendants' Common Law Conspiracy

   a. For compensatory damages of least $2,000,000;

**COMPLAINT**

b. For punitive damages;

7. With regard to Defendants' Intentional Interference with Economic Advantage

    a. For compensatory damages of least $2,000,000;

    b. For punitive damages;

8. With regard to Demand for Money Owed

    a. For the amount of at least $51,000 plus interest as provided by the loan agreement;

    b. For attorneys' fees and costs as provided by the loan agreement;

9. With regard to Defendants' willful Trademark Counterfeiting:

    a. Defendants' profits;

    b. Statutory damages of $2,000,000 per mark;

    b. Defendants' profits, there profits being trebles;

    c. Attorney's fees;

    d. Costs of suit;

    e. Joint and several liability for landlords, officers, and directors for the knowing participation in the counterfeiting activities of the respective Defendants;

    f. The impoundment and destruction of all counterfeit products, as well as the destruction of all tools, machines, or other instrumentalities that were used to manufacture and display the counterfeit products;

    g. An injunction that enjoins Defendants including all agents, employees, directors and officers and any and all persons acting in concert with Defendants from using the TruFusion trademarks;

    h. Requiring under 15 U.S.C. § 1118 that Defendants and all others acting under Defendants' authority, at their cost, be required to deliver to Manheimer for destruction all products, accessories, labels, signs, prints, packages, wrappers, receptacles, advertisements, and other material in their possession, custody or control bearing any of the TruFusion trademarks.

32

10. With regard to False Designation of Origin and Trademark Infringement:

    a. Defendants' profits pursuant to the Lanham Act;

    b. Damages sustained by the Plaintiff for trademark infringement;

    c. Treble damages for willful violations;

    d. Attorney's fees;

    e. Costs of suit

    g. An injunction that enjoins Defendants including all agents, employees, directors and officers and any and all persons acting in concert with Defendants from using the TruFusion trademarks;

    h. Pursuant to 15 U.S.C. § 1118, requiring that Defendant and all others acting under Defendants' authority, at their cost, be required to deliver to Plaintiff for destruction all products, accessories, labels, signs, prints, packages, wrappers, receptacles, advertisements, and other material in their possession, custody or control bearing any of the TruFusion trademarks.

11. With regard to Defendants' Fraud:

    a. For compensatory damages of at least $2,000,000;

    b. For punitive damages;

12. With regard to Request for Dissolution:

    a. Dissolution of TruFusion Franchising LLC;

    b. Dissolution of TruFusion LLC;

//
//
//
//
//
//
//
//

33

**COMPLAINT**

1    13. With regard to Rescission:

2         a. Rescind any and all agreements between TruFusion Yoga and TruFusion;

3         b. Rescind any and all agreements between TruFusion Yoga and TruFusion

4         Franchising LLC.

5    14. For any other relief the Court finds equitable and just.

6

7    Dated: September 16, 2016          **ONE LLP**

8

9                                      By: s/ David R. Koch
                                           David R. Koch (NV Bar #8830)
10                                         **KOCH & SCOW LLC**
                                           11500 S. Eastern Ave., Suite 210
11                                         Henderson, Nevada 89052
12
                                           William O'Brien (CA Bar No. 99526)
13                                         Joanna Ardalan (CA Bar No. 285384)
                                           9301 Wilshire Blvd
14                                         Penthouse Suite
                                           Beverly Hills, CA 90210
15
16                                         Attorneys for Plaintiff Seth Manheimer and
17                                         TruFusion Yoga LLC (derivatively)

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT**

1

### DEMAND FOR JURY TRIAL

2      Plaintiff Seth Manheimer and TruFusion Yoga LLC (derivatively) hereby demands

3 trial by jury of all issues so triable under the law.

4

5 Dated: September 16, 2016                    **ONE LLP**

6

7                                      By:  s/ David R. Koch

8                                          David R. Koch (NV Bar #8830)
                                           **KOCH & SCOW LLC**
9                                          11500 S. Eastern Ave., Suite 210
                                           Henderson, Nevada 89052
10

11                                         William O'Brien (CA Bar No. 99526)
                                           Joanna Ardalan (CA Bar No. 285384)
12                                         9301 Wilshire Blvd
                                           Penthouse Suite
13                                         Beverly Hills, CA 90210

14

15                                         Attorneys for Plaintiff Seth Manheimer and
                                           TruFusion Yoga LLC (derivatively)
16

17

18

19

20

21

22

23

24

25

26

27

28

35