UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SETH MANHEIMER,

    Plaintiff(s),

v.

TRANSFUSION YOGA, LLC, et al.,

    Defendant(s).

Case No.: 2:16-cv-02186-JCM-NJK

**Order**

[Docket No. 88]

Pending before the Court is Plaintiff's motion to seal roughly 1480 pages of filings, including the motion to seal itself, the declaration in support thereof, and approximately 1470 pages of trial exhibits. Docket No. 88. The motion to seal relates to a pending motion in limine to exclude trial evidence. Docket No. 87. No response was filed to the motion to seal. The motion to seal has been referred to the undersigned.[1] The Clerk's Office is **INSTRUCTED** to maintain the subject materials under seal for the time-being, but all of the subject documents will be unsealed absent the filing of a supplement addressing the concerns identified below. <u>That supplement shall be filed by **July 31, 2018**</u>.

The instant motion to seal suffers from numerous deficiencies. First, and most basically, the motion relies on the "good cause" standard without any explanation why that standard should govern here. *See* Docket No. 88 at 2. The Ninth Circuit has explained that the more rigorous

---

[1] The undersigned expresses no opinion herein as to the merits of the motion in limine.

1

"compelling reasons" standard applies to requests to seal materials filed in conjunction with motions that are more than tangentially related to the merits of the case. *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), *cert. denied*, 137 S.Ct. 38 (2016). The Ninth Circuit has further indicated that "plenty of technically nondispositive motions—**including routine motions in limine**—are strongly correlative to the merits of the case." *Id.* at 1099 (emphasis added). Accordingly, Plaintiff must explain why he relies on the good cause standard rather than the compelling reasons standard in his motion to seal.

Second, the motion to seal was itself filed under seal. A motion to seal should not generally be filed under seal. *E.g.*, *Old Republic Ins. Co. v. City Plan Dev., Inc.*, 2017 WL 5076515, at *2 (D. Nev. Nov. 2, 2017); *In re Western States Wholesale Nat'l Gas Antitrust Litig.*, 2016 WL 4944086, at *1 n.1 (D. Nev. Sept. 14, 2016). No explanation has been provided as to why the motion itself should be sealed.

Third, the motion seeks to seal 1468 pages of exhibits. *See* Docket Nos. 88-3, 88-4, 88-5, 88-6, 88-7, and 88-8. A request to seal documents must be "narrowly tailored" to remove from the public sphere only the material that warrants secrecy. *E.g.*, *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016) (citing *Press-Enterprise Co. v. Superior Court of Cal.*, 464 U.S. 501 (1986)). As a corollary, to the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 20013); *see also In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011) (the district court must "keep in mind the possibility of redacting the sensitive material"). In support of his massive sealing request, Plaintiff provides examples of specific text messages for which he contends secrecy is warranted. *See* Docket No. 88-2 at ¶¶ 3-7. No showing has been made as to why redaction, rather than outright sealing, is not feasible.

Given these deficiencies, Plaintiff shall file a supplement by July 31, 2018. That supplement shall provide a discussion as to why the "compelling reasons" standard should not apply to this motion. The supplement shall also explain why redaction is not feasible, to the extent the Court finds that any information warrants secrecy. The supplement shall also identify each

and every specific instance of purportedly sealable material and, for each instance, shall provide meaningfully developed argument for the basis of that request.[2] To the extent Defendants wish to do so, they may also file a statement addressing the issues raised herein by July 31, 2018.

IT IS SO ORDERED.

Dated: July 26, 2018

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] As noted above, sealing requests should be narrowly tailored and should be limited to protecting truly sensitive information. The Court does not express any opinion herein as to whether any aspect of the exhibits warrant secrecy from the public through redaction or otherwise. The Court notes, however, that while the third-party information identified raises some concern, the vast majority of the examples provided appear to fall far short of warranting secrecy. *Compare* Docket No. 88-2 at ¶¶ 3-7 *with Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir.2006) ("The mere fact that the production of records may lead to *a litigant's embarrassment*, incrimination, or exposure to further litigation *will not, without more, compel the court to seal its records*" (emphasis added)).