# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

*****

| | |
|---|---|
| SETH MANHEIMER, an individually, and derivatively on behalf of TRUFUSION YOGA, LLC<br><br>Plaintiff,<br><br>v.<br><br>TRUFUSION YOGA, LLC, a Nevada Limited Liability Company, MICHAEL BORDEN; MARTIN HINTON; TRUFUSION LLC, a Nevada Limited Liability Company, TRUFUSION FRANCHISING LLC, a Nevada Limited Liability Company, and DOES 1-10, inclusive<br><br>Defendants.<br><br>TRUFUSION YOGA, LLC, a Nevada Limited Liability Company, TRUFUSION LLC, a Nevada Limited Liability Company, TRUFUSION FRANCHISING LLC, a Nevada Limited Liability Company, and ROES 1-10, inclusive,<br><br>Counterclaimants,<br><br>v.<br><br>SETH MANHEIMER,<br><br>Counterdefendant. | Case No.: 2:16-cv-02186-JCM-NJK<br><br>Assigned to The Hon. James C. Mahan<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW**<br><br>**Date of Trial: September 17-28, 2018** |

1

# FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT

Date of Trial: September 17th - 28th, 2018

The above-entitled matter having come on before this Court for a Jury Trial on September 17th, 2018. Plaintiff/Counterdefendant Seth Manheimer ("Manheimer"), being represented by his counsel of record; Defendants TruFusion Yoga, LLC ("TRUFUSION YOGA"), Michael Borden ("Borden"), Martin Hinton ("Hinton"), TruFusion LLC ("TRU"), and TruFusion Franchising LLC ("Franchising"), by and through their respective counsel of record. The Jury having rendered a Verdict on those claims presented to the Court on September 28th, 2018. Based upon the testimony of the witnesses at trial, exhibits admitted at trial and the relevant law, the Court makes the following findings of facts and conclusions of law pursuant to Fed. R. Civ. Proc. 52(a).

## FINDINGS OF FACT

**THE COURT HEREBY FINDS** that Plaintiff Manheimer is a resident of the State of California and is a member in Defendant TRU.

**THE COURT FURTHER FINDS** that Defendant TruFusion Yoga is and was at all times relevant hereto a Nevada limited liability company authorized to do business in Clark County, Nevada.

**THE COURT FURTHER FINDS** that Defendant TruFusion LLC is and was at all times relevant hereto a Nevada limited liability company authorized to do business in Clark County, Nevada.

**THE COURT FURTHER FINDS** that Defendant TruFusion Franchising is and was at all times relevant hereto a Nevada limited liability company authorized to do business in Clark County, Nevada.

**THE COURT FURTHER FINDS** that Defendant TruFusion Yoga adopted pursuant to Chapter 86 of the Nevada Revised Statutes an Operating Agreement on July 23rd, 2013 which reflected the ownership of TruFusion Yoga as of that date.

**THE COURT FURTHER FINDS** that this matter proceeded to trial before a jury between September 17th, 2018 through September 28th, 2018, at which time the Jury entered its Verdict.

**THE COURT FURTHER FINDS** that Defendants withdrew and dismissed their Counterclaim prior to trial.

**THE COURT FURTHER FINDS** that the Jury entered a Verdict in favor of Defendant Martin Hinton on all claims brought by Plaintiff Manheimer as against Defendant Martin Hinton.

**THE COURT FURTHER FINDS** that the Jury found that Defendants TruFusion Yoga and Michael Borden breached an oral agreement with Plaintiff Manheimer but that Plaintiff Manheimer was entitled to zero damages on that claim.

**THE COURT FURTHER FINDS** that the Jury entered a Verdict in favor of all Defendants and against Plaintiff Manheimer on his claim for breach of operating agreement.

**THE COURT FURTHER FINDS** that the Jury Verdict found in favor of Plaintiff Manheimer and against Defendant TruFusion Yoga on Plaintiff's monies owed claim and awarded Manheimer the sum of $55,000.00 as against TruFusion Yoga.

**THE COURT FURTHER FINDS** that the Jury answered a Special Interrogatory and found in favor of Plaintiff Manheimer owns 0.80% of Defendants TruFusion LLC, TruFusion Yoga and TruFusion Franchising.

## **CONCLUSIONS OF LAW**

**THE COURT HEREBY FINDS** that Defendants moved pursuant to Rule 50(a) during trial for judgment as a matter of law.

**THE COURT FURTHER FINDS** pursuant to Fed. R. Civ. P. 50(a) that if a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue. Judgment as a matter of law should be granted when "the evidence, construed in the light most favorable to the nonmoving party, permits only one

reasonable conclusion, and that conclusion is contrary to that of the jury." <u>White v. Ford Motor Co.</u>, 312 F.3d 998, 1010 (9th Cir. 2002).

**THE COURT FURTHER FINDS** that at the close of Plaintiff's case-in-chief that Plaintiff Manheimer did not have a legally sufficient evidentiary basis to find for Plaintiff Manheimer on his claim for fraud and that judgment as a matter of law shall be entered against Plaintiff Manheimer.

**THE COURT FURTHER FINDS** that at the close of Plaintiff's case-in-chief that Plaintiff Manheimer did not have a legally sufficient evidentiary basis to find for Plaintiff Manheimer on his claim for constructive fraud and that judgment as a matter of law shall be entered against Plaintiff Manheimer on that claim.

**THE COURT FURTHER FINDS** that at the close of Plaintiff's case-in-chief that Plaintiff Manheimer did not have a legally sufficient evidentiary basis to find for Plaintiff Manheimer on his claim for breach of loyalty and that judgment as a matter of law shall be entered against Plaintiff Manheimer on that claim.

**THE COURT FURTHER FINDS** that at the close of Plaintiff's case-in-chief that Plaintiff Manheimer did not have a legally sufficient evidentiary basis to find for Plaintiff Manheimer on his claim for intentional interference with prospective economic advantage and that judgment as a matter of law shall be entered against Plaintiff Manheimer on that claim.

**THE COURT FURTHER FINDS** that at the close of Plaintiff's case-in-chief that Plaintiff Manheimer did not have a legally sufficient evidentiary basis to find for Plaintiff Manheimer on his claim for common law conspiracy.

**THE COURT HEREBY FINDS** that Defendants renewed their Motion pursuant to Rule 50(b) after the return of the Jury Verdict trial for judgment as a matter of law on Plaintiff's breach of oral agreement claim.

**THE COURT FURTHER FINDS** pursuant to Fed. R. Civ. P. 50(b) that if a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue. Judgment as a matter of law should be granted when "the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to that of the jury." White v. Ford Motor Co., 312 F.3d 998, 1010 (9th Cir. 2002).

**THE COURT FURTHER FINDS** that no reasonable juror could reach the conclusion that an oral agreement was entered into by Borden with Manheimer to equalize Manheimer's stock ownership with Borden.

**THE COURT FURTHER FINDS** that judgment as a matter of law should be entered in favor of Defendants Michael Borden, TruFusion Yoga, and TruFusion Franchising and against Plaintiff Seth Manheimer on that claim for breach of oral agreement.

**THE COURT FURTHER FINDS** that declaratory judgment should be entered declaring that Plaintiff Seth Manheimer owns 0.8% of Defendant TruFusion LLC, as of September 28, 2018.

**THE COURT FURTHER FINDS** that Defendant TruFusion LLC owns 100% of Defendants TruFusion Yoga and TruFusion Franchising, and thus Plaintiff Seth Manheimer has no direct ownership in TruFusion Yoga or TruFusion Franchising.

**THE COURT FURTHER FINDS** that judgment should be entered on the jury verdict in favor of Defendants Trufusion Yoga LLC, Michael Borden and Martin Hinton on Plaintiff's claim for breach of operating agreement.

**THE COURT FURTHER FINDS** that judgment should be entered in favor of Plaintiff Seth Manheimer and against Defendant Trufusion Yoga LLC for monies owed for the loans between Plaintiff and Trufusion Yoga LLC in the sum of $55,000.00, plus $37,998.78 in prejudgment interest.

**THE COURT FURTHER FINDS** that Plaintiff Seth Manheimer has failed to meet his burden for an accounting and/or to prove any unjust enrichment.

**THE COURT FURTHER FINDS** that Plaintiff's remaining claims have not been proven and are be dismissed.

DATED May 24, 2019.

_____
THE HONORABLE JAMES C. MAHAN
DISTRICT COURT JUDGE